IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FREEDOM FROM RELIGION FOUNDATION, STEVE KRISTOFF, and RENANA GROSS,    )<br>)<br>)<br>)<br>          Plaintiffs,                          )<br>)<br>     v.                                              )<br>)<br>FRANKLIN COUNTY, INDIANA,   )<br>)<br>          Defendant.                         ) | No. 1:14-cv-2047-TWP-DML |

## AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND NOMINAL DAMAGES

**Introductory Statement**

1. Each year, a large nativity scene is erected on the lawn of the Franklin County Courthouse in Brookville, Indiana. The display, owned by the Town of Brookville, consists of several life-size figures surrounding the baby Jesus Christ, and no other displays on the lawn diminish the religious impact of the nativity scene. It is typically on display from shortly after Thanksgiving until early to mid January of each year, although this year it was dismantled on December 26th, by agreement of the parties, in order to render unnecessary further preliminary injunction proceedings. The plaintiffs—a membership organization promoting the separation of church and state and several individuals who will come into contact with the scene—all object to the display of the nativity scene on government property. The display represents an endorsement of religion and has the principal effect of advancing religion, and it therefore runs afoul of the Establishment Clause of the First Amendment to the United States Constitution. The

1

plaintiffs seek appropriate declaratory and injunctive relief, as well as nominal damages for each day that the nativity scene has been displayed.

**Jurisdiction, Venue, and Cause of Action**

2. This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

4. Declaratory relief is authorized by Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202.

5. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the U.S. Constitution.

**Parties**

6. Freedom From Religion Foundation ("FFRF") is a nationwide not-for-profit membership organization with its primary place of business in Madison, Wisconsin. The organization is devoted to protecting the constitutional principle of the separation of church and state. FFRF has 21,500 members in the United States and 349 members in Indiana.

7. Steve Kristoff is an adult resident of Franklin County, Indiana and a member of FFRF.

8. Renana Gross is an adult resident of Franklin County, Indiana and a member of FFRF.

9. Franklin County, Indiana, is a county located in eastern Indiana.

**Factual Allegations**

10. The Franklin County Courthouse ("the Courthouse") is located in downtown Brookville, Indiana, which is the county seat of Franklin County ("the County").

11. The entrance to the Courthouse abuts U.S. Highway 52 (also known in places as Brookville Road), a busy two-lane highway that runs from North Dakota to South Carolina.

12. For approximately the past fifty (50) years, a large nativity scene has been erected on the lawn—owned and operated by the County—directly outside the Courthouse. It typically remains displayed on the Courthouse lawn from shortly after Thanksgiving until early to mid January of each year. However, by agreement of the parties this past year the nativity scene was taken down on December 26, 2014.

13. The nativity scene is erected at the behest of a private party but with the approval of the County, and it could not be erected without the County's approval.

14. The nativity scene consists of a depiction of the birth of Jesus Christ, and includes life-size figurines of the Baby Jesus, Mary and Joseph, the Three Wise Men, at least one angel, and several animals. It is a well-recognized symbol of the Christian faith.

15. The following is an image of the nativity scene as it was erected this past year:



16. The nativity scene is lighted after dark, so that it stands out in downtown Brookville. The electricity used to light the nativity scene is provided and paid for by the County.

17. On the same lawn as the nativity scene, but separated by a large evergreen, the County this past year displayed a series of plastic reindeer, although the reindeer were not part of the same display. These reindeer are lighted after dark but when they are not lighted during the day they are scarcely visible to passers-by.

18. After this lawsuit was initiated, and on the evening prior to the scheduling preliminary injunction hearing in this cause, a hand-written sign was placed next to the nativity scene. This sign read as follows: "Private Display: Not Sponsored by Franklin County." No similar sign was placed near the nativity scene at any previous point in the past half century, and the plaintiffs do not know whether the sign (or a similar one) will be placed next to the nativity scene next year.

19. The lawn of the Courthouse has virtually no history of displays similar to the nativity scene, and it contains only two other items of note: several large evergreen trees that are on the lawn year-round; and a veteran's memorial containing Biblical verses.

20. In 2010, the nativity scene was erected at the foot of a flag pole on the Courthouse lawn, and an angel immediately above the nativity scene (and overlooking the scene) was affixed to the flag pole itself.

21. That year, after being contacted by a member of the organization who resides in or around Brookville and who objected to the display of the nativity scene, FFRF contacted the County, via letter, to express its concerns with respect to the nativity scene. FFRF did not receive a direct response to its letter, although, after this letter, the County strung some lights around the large evergreen tree on the Courthouse lawn.

22. The following year, in 2011, the nativity scene was moved from the base of the flag pole on the Courthouse lawn to a location closer to the Courthouse itself. It has been erected in this location—which is a short distance away from the Courthouse entrance, directly adjacent to U.S. Highway 52, and visible to any person entering or exiting the Courthouse—each year since 2011.

23. In one 2010 media report, a Franklin County commissioner insisted that FFRF's intervention demonstrated that the organization was "serious about limiting our Christian values that we have." *Group Demands County Remove Nativity – Or Add Santa*, WLWT5, Dec. 11, 2010, *at* http://www.wlwt.com/Group-Demands-County-Remove-Nativity-Or-Add-Santa/10451938 (last visited Dec. 15, 2014). That same year, the commissioner indicated that the nativity scene "reflects the beliefs of the largely Christian community." *Commissioner says Brookville nativity scene staying put*, Fox 19, Dec. 20, 2010, *at* http://www.fox19.com/Global/story.asp?S=13712688 (last visited Dec. 15, 2014). And this year, the same commissioner was quoted as follows in remarks given at a rally concerning the display of the nativity scene:

> If we don't start standing up for our rights, we're going to lose them. The atheists and the liberals are taking over our country. They are the ones demonstrating and doing everything, and we're the ones sitting back and doing nothing.
>
> Pretty soon, one morning we're going to wake up and our freedoms are going to be gone. We'll have a socialist government or a dictator telling us what to do. We'll lose our right to believe in God and our right to go to worship everyday.

John Estridge, *God is with us, those at rally told*, Dec. 10, 2014, *at* http://www.whitewaterpub.com/AAAissues/brookville/2014/50/story01.php (last visited Dec. 15, 2014).

24. On information and belief, the nativity scene will be erected again in 2015 and in following years.

25. The display of the nativity scene constitutes an endorsement of religion, and a reasonable person viewing the nativity scene would conclude that the County subscribes to and endorses the Christian faith.

26. FFRF received complaints from one or more members who reside in or around Brookville and who object to the display of the nativity scene each year since 2010, with the exception of 2012. FFRF therefore has current members who object to the display of the nativity scene and who will come into contact with the display.

27. As a result of the display of the nativity scene, FFRF has been forced to expend resources in order to investigate the County's actions and to advocate on behalf of its mission and on behalf of its members. The resources that FFRF has expended and will continue to expend concerning the nativity scene have necessarily been diverted from other projects about which FFRF is concerned.

28. Thus, FFRF has suffered injury-in-fact within the meaning of *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982).

29. Steve Kristoff and Renana Gross are adult residents of the County who regularly pass by the nativity scene when it is displayed each year, and who object to its display. They also pay taxes to the County and object to the use of their taxes for purposes of the display.

30. As a result of the actions or inactions of the defendant, the plaintiffs are suffering and will suffer irreparable harm for which there is no adequate remedy at law.

31. At all times the defendant has acted or refused to act under color of state law.

**Legal Claims**

32. The display of the nativity scene on the lawn of the Franklin County Courthouse violates the Establishment Clause of the First Amendment to the United States Constitution.

**Request for Relief**

**WHEREFORE,** the plaintiffs respectfully request that this Court:

1. Accept jurisdiction of this cause and set it for hearing.

2. Declare that the defendant has violated the rights of the plaintiffs for the reasons described above.

3. Enter a preliminary injunction, later to be made permanent, enjoining the defendant from displaying the nativity scene on the lawn of the Franklin County Courthouse.

4. Award the plaintiffs their nominal damages for each day that the nativity scene has been unconstitutionally displayed.

5. Award the plaintiffs their costs and attorneys' fees pursuant to 42 U.S.C. § 1988.

6. Award all other proper relief.

*/s/ Gavin M. Rose*
Gavin M. Rose,
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
grose@aclu-in.org

Rebecca S. Markert
*Motion for admission pro hac vice to be filed*
Sam Grover
*Motion for admission pro hac vice to be filed*
Freedom from Religion Foundation
P.O. Box 750
Madison, WI 53701
608/256-8900
fax: 608/204-0422
rmarkert@ffrf.org
sgrover@ffrf.org

*Attorneys for the plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certified that a true copy of the foregoing was filed electronically on this 6th day of January, 2015. Parties may access the filing through the Court's electronic system. A copy will be served on all ECF-registered persons by operation of the Court's electronic system.

John O. Worth, Attorney at Law
<worthlaw@hotmail.com>

*/s/ Gavin M. Rose*
Gavin M. Rose
Attorney at Law