UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC., STEVE KRISTOFF, and RENANA GROSS, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 1:14-cv-02047-TWP-DML ) |
| FRANKLIN COUNTY, INDIANA, | ) ) |
| Defendant. | ) |

### ENTRY ON MOTION TO DISMISS CASE AS MOOT

This matter is before the Court on a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) filed by Defendant Franklin County, Indiana ("Franklin County") (Filing No. 40). The motion was filed after Plaintiffs Freedom From Religion Foundation, Inc., Steve Kristoff and Renana Gross (collectively "FFRF") filed a Notice with the Court that they are withdrawing their request for injunctive relief, in response to the enactment of Ordinance 2015-02, but that they stand on their claim for nominal damages (Filing No. 39). For the following reasons, Franklin County's Motion to Dismiss is **GRANTED**.

### I.   BACKGROUND

FFRF is a nationwide not-for-profit membership organization devoted to protecting the constitutional principle of the separation of church and state. (Filing No. 44 at ECF p.1.) On December 16, 2014, FFRF and two residents of Franklin County, initiated this action challenging the constitutionality of the Nativity scene display that had been erected annually on the lawn outside of the Franklin County Courthouse ("Courthouse") in Brookville, Indiana since 2010. The Nativity scene consisted of a depiction of the birth of Jesus Christ, and included life-size figures

of the Baby Jesus, Mary and Joseph, the Three Wise Men, at least one angel, and several animals. FFRF alleged that the Nativity scene violated the Establishment Clause of the First Amendment to the United States Constitution. Following the initiation of this action, the parties conferred and reached a temporary resolution that obviated the need for a preliminary injunction and on December 22, 2014, FFRF withdrew their request for injunctive relief against Franklin County ([Filing No. 22](#)). Thereafter, on January 6, 2015, FFRF filed an Amended Complaint seeking prospective relief and added a request for nominal damages ([Filing No. 28](#)). FFRF alleged a number of past bad acts by Franklin County and its officials: lack of signage for past displays, questionable statements by county officials in prior years, movement of the display to a different location on the lawn from 2010 to 2011, allowing the use of electrical outlets in past years, and ignoring a 2010 demand letter from the Madison, Wisconsin-based Freedom From Religion Foundation ([Filing No. 28](#)). In response to this lawsuit and the Amended Complaint, on January 12, 2015, the Franklin County Board of Commissioners enacted Ordinance 2015-02, "Franklin County Courthouse Policies and Procedures" ([Filing No. 41-1](#)).

The newly enacted ordinance states that the lawn is open for the citizens of Franklin County to provide a forum to promote understanding of issues of public concern and to foster respect for the rights of all individuals. ([Filing No. 41-1, at ECF p. 1](#).) This includes events, displays, demonstrations, and other activities. *Id*. The new policy also provides a permit approval process for private displays that is content- and viewpoint-neutral and does not distinguish between religious and non-religious messages. *Id*. The policy also institutes size restrictions of the displays, restricts displays that are sponsored, maintained, funded, or endorsed by the government, and limits a person or organization to one display at a time. *Id*.

On February 6, 2015, Franklin County filed a Motion to Dismiss this case as moot, pursuant to rule 12(b)(1) and 12(b)(6), and asked the Court to reconsider its prior scheduling orders (Filing No. 40). The issue now before the Court is whether a lawsuit for nominal damages, but without a corresponding request for prospective relief, satisfies the "case or controversy" requirement of Article III jurisdiction.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (internal citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). To determine if the plaintiff has actually stated a claim, the courts stay within the "four-corners" of the complaint itself to determine if the stated claim is actually recognized in the jurisdiction.

"When ruling on a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court must accept as true all well-pleaded factual

3

allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). Furthermore, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* (internal citation and quotation marks omitted). Article III of the United States Constitution confers on the federal courts jurisdiction over "cases" and "controversies." U.S. Const. Art. III, 2, cl. 1. Article III jurisdiction requires that there be a direct injury to the plaintiffs. Both litigants must also have a personal interest in the case at the beginning of the litigation, and their interests must persist throughout its entirety. See *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980). "[A] case is moot [and federal courts have no jurisdiction over the litigation] when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 297 (2000); *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). Therefore, "[n]o justiciable controversy is presented when the parties seek adjudication of only a political question, when the parties are asking for an advisory opinion, when the question sought to be adjudicated has been mooted by subsequent developments, and when there is no standing to maintain the action." *Flast v. Cohen*, 392 U.S. 83, 96 (1968).

### III.    DISCUSSION

The FFRF contends in their Amended Complaint that the display of the Nativity scene on the lawn of the Courthouse violates the Establishment Clause of the First Amendment to the United States Constitution ([Filing No. 28, at ECF p. 7](#)). With the enactment of Ordinance 2015-02 by the Franklin County Board of Commissioners, FFRF informed the Court and Franklin County, on February 6, 2015, of their belief that the Court no longer has jurisdiction to address their claims

for injunctive relief because the "Establishment Clause jurisprudence" is "delicate and fact-sensitive" (Filing No. 39, at ECF p. 2, ¶ 4) (quoting *Lee v. Weisman*, 505 U.S. 577, 597 (1992)). FFRF does not concede that Ordinance 2015-02 renders any future display on the Courthouse lawn constitutional, although it acknowledges that the Ordinance may affect the number or type of displays erected on the Courthouse lawn in the winter of 2015. (Filing No. 39 at p. 2¶ 3.)

Due to the enactment of Ordinance 2015-02, the Court cannot draw a reasonable inference that Franklin County could be liable for any misconduct alleged in FFRF's Amended Complaint. Although FFRF reserves the right to challenge any and all future displays on the Courthouse lawn through separate litigation, this present litigation does not establish a claim for which the pleader, FFRF, may be entitled to prospective relief. Because there is no actual injury that can be redressed, FFRF's requests for injunctive relief, costs and attorney's fees, and awards for other "proper" relief cannot be awarded because they are no longer plausible. However, although no actual, provable injury exists, FFRF still intends to proceed with their added request for nominal damages.

FFRF contends that a lawsuit for nominal damages, without the corresponding request for prospective relief, satisfies the "case or controversy" requirement of Article III. (Filing No. 44, at ECF p. 2.) Franklin County asserts that there is no 'live' controversy remaining in this case because the claim is moot due to their voluntary cessation of allegedly wrongful conduct and federal courts do not have jurisdiction to hear a case exclusively for nominal damages. (Filing No. 41, at ECF p. 3.) The Court is aware that the question of whether a claim exclusively for nominal damages presents a live controversy is not completely settled and presents a circuit split amongst the various circuits.

FFRF argues that a favorable judgment—even for nominal damages—will serve the purposes underlying the civil rights statutes: in that it will most certainly "contribute[] significantly

5

to the deterrence of civil rights violations in the future." *City of Riverside*, 477 U.S. at 575. FFFRF's argument is compelling, however the Court is not persuaded. Nominal damages of which $1.00 is the norm, are an appropriate means of vindicating rights whose deprivation has not caused actual, provable injury. *Freedom from Religion Found., Inc. v. City of Green Bay*, 581 F. Supp. 2d 1019, 1029-1030 (E.D. Wis. 2008). Under Seventh Circuit case law, nominal damages are more akin to declaratory relief, and should be subject to the same justiciability principles. *Id*. (citing *Utah Animal Rights Coalition v. Salt Lake City Corp.*, 371 F.3d 1248, 1268 (10th Cir. 2004). Neither nominal damages nor declaratory judgments intend to confer jurisdiction that does not otherwise exist. *Id*. By seeking only nominal damages, plaintiffs concede at the outset (or with amending the complaint) that they suffered no actual injury, or at least that the injury they claim cannot be redressed by an award of actual damages; thus appearing to have no standing. *City of Green Bay*, 581 F. Supp. 2d at 1030. "[N]ominal damages are symbolic only, do not compensate for past wrongs, and were traditionally appropriate 'when an authoritative legal determination of a dispute is all that the parties require: neither damages nor injunctive relief are necessary.'" *Id*. The Supreme Court has never held that a claim for nominal damages is sufficient to maintain the justiciability of a case that otherwise would be moot. *Id*. at 1031 (citing *Salt Lake City Corp.*, 371 F.3d at 1266). The Sixth Circuit has also recently held that a case is moot when the only relief sought by the plaintiff was an award of nominal damages. *Id*. (citing *Morrison v. Board of Education of Boyd County*, 521 F.3d 602 (6th Cir. 2008)). The Seventh Circuit holds that, at a minimum, a plaintiff who [first] proves a constitutional violation is entitled to nominal damages. *Calhoun v. Detella*, 319 F.3d 936, 941 (7th Cir. 2003). Franklin County is correct that there is no Seventh Circuit precedent which supports FFRF's efforts to expand the Supreme Court precedent that limits nominal damage claims for violations of due process cases.

Although not binding, the Eastern District of Wisconsin's decision in *City of Green Bay* is instructive. In *City of Green Bay* the council president ordered the placement of a Nativity scene as part of a holiday display for the city. 581 F. Supp. 2d at 1021. The city subsequently ordered a moratorium on the display of religious symbols but allowed the Nativity scene to be displayed until after Christmas. *Id*. The display was removed a few hours before the suit was filed in the Wisconsin District Court. The court held that plaintiffs lacked Article III standing and dismissal of the case was proper. *Id*. at 1033. The defendant's allegedly unconstitutional action had ceased and the policy was changed before the lawsuit was even filed. *Id*. The court further reasoned that the plaintiffs' claim for nominal damages was not sufficient to keep this case alive, stating that there was no reason to treat nominal and declaratory relief differently for justiciability purposes. *Id*.

FFRF agrees that there no longer exists prospective relief in the present action due to the voluntary cessation of illegal conduct via Ordinance 2015-02. (Filing No. 39.) "If the plaintiff's only claims seek to require government officials to cease allegedly wrongful conduct, and those officials offer to cease that conduct, then the claims should be dismissed as moot, absent some evidence that the offer is disingenuous." *Fed.n of Adver. Indus. Representatives, Inc. v. City of Chicago*, 326 F.3d 924, 930 (7th Cir. 2006). There must exist a reasonable expectation that the expressed intent is not genuine in order for the court to refuse to hold a case moot. See e.g. *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982). Given the fact that the policies for Courthouse displays were changed upon Franklin County's own volition (albeit under the pressure of the instant litigation), the Court finds that there is no reasonable expectation that the allegedly unconstitutional activity will recur and there is no proof presently which suggests that Franklin County has committed a constitutional violation of FFRF's rights. Additionally, there is

evidence before the Court that the Ordinance is not a ruse as Plaintiff Steve Kristoff has applied for a permit to place a winter solstice display on the lawn in December 2015 (Filing No. 48-1) and Franklin County reports that the permit has been granted (Filing No. 48 at p. 17). Because there is no present proof of violation or deprivation, just past allegations, there is no need to vindicate rights. The Court finds that FFRF's legally cognizable interest of eliminating constitutional violations of the Establishment Clause no longer exists. Accordingly, FFRF cannot use nominal damages to compensate for past wrongs such as the acts being alleged in FFRF's Amended Complaint. By allowing FFRF to proceed to determine the constitutionality of a policy that has been voluntarily amended to cease illegal conduct, in hope of receiving $1.00, vindicates no rights and is not a task of the federal courts. Therefore, under the law in the Seventh Circuit and facts of this case, a claim for nominal damages alone is not sufficient enough to maintain federal court jurisdiction in a case that is otherwise moot.

### IV.    CONCLUSION

Given Franklin County's enactment of Ordinance 2015-02, which codifies procedures for erecting displays on the Courthouse lawn, the claim for nominal damages alone is insufficient to maintain federal jurisdiction. Accordingly, the Court must dismiss the Amended Complaint with prejudice as it fails to state a claim. For the reasons set forth above, Franklin County's Motion to Dismiss (Filing No. 41) is **GRANTED**.

**SO ORDERED**.

Date: 9/23/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Gavin Minor Rose
ACLU OF INDIANA
grose@aclu-in.org

Rebecca S. Markert
FREEDOM FROM RELIGION FOUNDATION
rmarkert@ffrf.org

Samuel T. Grover
FREEDOM FROM RELIGION FOUNDATION
sgrover@ffrf.org

Jocelyn D. Floyd
THOMAS MORE SOCIETY
jfloyd@thomasmoresociety.org

Peter C. Breen
THOMAS MORE SOCIETY
pbreen@thomasmoresociety.org

John O. Worth
WORTH LAW OFFICE
worthlaw@hotmail.com